Matthew R. Wilson (SBN 290473)
Michael J. Boyle, Jr. (SBN 258560)
MEYER WILSON CO., LPA
305 W. Nationwide Blvd
Columbus, OH  43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066
mwilson@meyerwilson.com
mboyle@meyerwilson.com

*Attorneys for Plaintiffs and the Proposed Class*

THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAURICO MARTINEZ, GUADALUPE RODRIGUEZ, and FRANCISCO GIRON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | CASE NO. 5:24-MC-80059<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL META PLATFORMS, INC'S COMPLIANCE WITH SUBPOENA** |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 45, Plaintiffs Mauricio Martinez, Guadalupe Rodriguez, and Francisco Giron (together, "Plaintiffs") respectfully seek an order compelling Meta Platforms Inc. ("Meta") to comply with Plaintiffs' Subpoena to Testify at Deposition (the "Subpoena"), which directs Meta to produce requested documents and appear for a deposition. The information sought by the Subpoena is relevant and proportional to Plaintiffs' claims and to Defendant D2C, LLC d/b/a Univision NOW's ("Univision NOW") defenses, since a responsive production from Meta will disclose the scope of personal information transmitted by Univision NOW to Meta for purposes of Plaintiffs' and the putative Class's claims under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA").

This motion is based upon this Motion, the Memorandum of Points and Authorities, the accompanying Declaration of Matthew R. Wilson. and all exhibits attached thereto, pleadings on file in this Action, and other such matters and argument as the Court may consider at the hearing on this motion.

Dated: March 12, 2024　　　　　　　　　Respectfully submitted,

By: */s/ Michael J. Boyle, Jr.*

Michael J. Boyle, Jr. (SBN 258560)
Matthew R. Wilson (SBN 290473)
MEYER WILSON CO., LPA
305 W. Nationwide Blvd.
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066
mwilson@meyerwilson.com
mboyle@meyerwilson.com

*Attorneys for Plaintiffs and the Proposed Class*

## I. INTRODUCTION

Plaintiffs move to enforce their subpoena of Meta, which owns and operates Facebook. In the underlying litigation, Plaintiffs allege that Univision NOW utilized a tracking tool called the Meta Pixel ("Pixel") to send to Meta Platforms, Inc. (f/k/a Facebook) ("Meta" or "Facebook") information about Univision NOW's subscribers to target them with digital advertisements. The Pixel is a tracking tool that allows websites like Univision NOW to track the actions of their customers on their websites and to build detailed, valuable profiles about them. Plaintiffs allege that, by operation of the Pixel that Univision NOW installed on its website, Univision NOW sent to Meta Univision NOW's subscribers' Facebook IDs ("FID") along with the titles of the video materials they requested and/or watched on its website, in violation of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). Univision NOW admits it installed the Pixel on its website, but generally denies that it violated the VPPA.

Although Plaintiffs served their Subpoena several months ago, Meta has produced only a ***single document*** in response. Meta has ***agreed*** to produce certain supplemental data regarding the named Plaintiffs, but to date has not ***actually*** produced that information; moreover, it has refused to provide a date certain by which it will do so. Meta has likewise refused to provide Class-wide data—or even to execute a declaration confirming that Meta ***could*** produce Class-wide data. Finally, Meta has refused to confirm a date by which it would produce a witness for deposition. Plaintiffs, therefore, are left with no option but to seek judicial intervention, and an order compelling Meta to comply with the Subpoena by producing: (1) all documents and information responsive to the Subpoena for both Plaintiffs and all potential Class and (2) a witness for deposition within 30 days of Meta's production of documents.

## II. RELEVANT BACKGROUND

On December 14, 2023, Plaintiffs served Meta with the Subpoena, noticing a deposition of Meta and seeking, among other targeted information:

> All Documents concerning Plaintiffs and Univision, including video materials Plaintiffs requested or obtained from the Website, the Website URLs they visited, or any other information Concerning Plaintiffs and Univision in Meta's custody, possession, or control.
> . . .

> Documents sufficient to show the number of Meta users for whom the following information was transmitted to Meta from the Website via the Pixels: (i) their Facebook IDs; (ii) the titles of any videos accessed, viewed, requested, or obtained by the Meta user; (iii) the URL of any videos accessed, viewed, requested or obtained by the Meta user; (iv) the URLs of any pages accessed, viewed, requested, or obtained by the Meta user; (v) and/or any other data or information that provides the title of the video materials the Meta user requested or obtained.
>
> . . .
>
> Documents sufficient to show each transmission to Meta from the Website and/or Univision via the Pixels that included one of Meta's user's: (i) Facebook IDs; (ii) the titles of any videos requested or obtained by the Meta user; (iii) the URL of any videos accessed, viewed, requested or obtained by the Meta user; (iv) the URLs of any pages accessed, viewed, requested, or obtained by the Meta user; (v) and/or any other data or information that provides the title of the video materials the Meta user requested or obtained.

Wilson Decl., Ex. A at 6-7. The relevant time period for each request is April 13, 2021 (the first day of the Class Period) through the date of Meta's responses. Wilson Decl., Ex. A at 5

On December 28, 2023, Meta served Objections and Responses to the Subpoena. Wilson Decl., Ex. B. Meta generally objected to the entirety of the Subpoena. In particular, Meta asserted that any discovery directed to Meta is premature because it is not a party to the underlying case and Plaintiffs have not established that they are unable to obtain the information sought in the subpoena from Univision. *Id.* at 1-2. Meta also objected on the basis that the requests are overbroad and not proportional to the needs of the case, in that the requests seek data without temporal restrictions—despite being limited to the Class Period—and seek information "pertaining to individuals whom Plaintiffs do not currently represent," *i.e.*, the putative class members. *Id.* at 3.

Between December and March, Plaintiffs met and conferred with Meta and exchanged numerous emails and had multiple phone calls in an effort to narrow the scope of the Subpoena and determine the parameters of a responsive production that would not impose undue burden, but would still allow Plaintiffs the materials they needed on a timely basis to establish their claims. Through this process, Plaintiffs agreed to a number of Meta's requested concessions, while reserving their right to seek further data and documents if the agreement reached proved insufficient.

Plaintiffs and Meta first met and conferred on January 18, 2024. Wilson Decl. Ex. C at 18. During this meet and confer, Meta indicated that it would produce Pixel "event data" related to the

Plaintiffs, but would not produce that same "event data" for potential Class Members. Rather, the parties discussed Meta providing a declaration to Plaintiffs stating that it possesses and had the ability to produce the same information for potential Class Members as for Plaintiffs. Wilson Decl. Ex. C at 18. Plaintiffs took part in this discussion about the declaration in a good faith attempt at compromise.

Following this meet and confer, Plaintiffs promptly provided their Facebook IDs and email addresses to Meta in order to help Meta locate relevant information. Wilson Decl. Ex. C at 19. It took another eight days, however, for Meta to "clarify," on a Friday evening, that it needed the specific Pixel ID from Univision NOW's website—a fact that Meta presumably knew at the time of the January 18 meet and confer, having been previously involved in a number of VPPA cases dealing with these exact same issues. Wilson Decl. Ex. C at 17. Nevertheless, Plaintiffs diligently and promptly provided this information as well. Wilson Decl. Ex. C at 16. Additionally, despite Plaintiffs compromising during the January 18, 2024 meet and confer and considering the possibility of a declaration from Meta representing that Meta has and could provide Class-wide information after a Class was certified, Meta ultimately would not provide a declaration, opaquely noting only that the "request for a declaration would be best addressed after Meta produces the plaintiff-specific Pixel event data. . . ." Wilson Decl. Ex. C at 15.

Finally, on February 5, 2024, Meta definitively agreed to search for and produce Pixel event data for each of the Plaintiffs—but it still provided no firm date by which it would do so, despite repeated follow-ups by Plaintiffs. Wilson Decl. Ex. C at 11, 12-13, 13. At the same time, when pressed about whether it would preserve all data relating to Plaintiffs *and* potential Class Members, Meta responded only that it was "aware of its obligations" and that it would preserve "relevant data," without elaborating on those obligations or providing any confirmation as to what data it unilaterally believed to be "relevant." Wilson Decl. Ex. C at 10, 12. Consequently, on February 16, 2024, Plaintiffs once again sought to confirm that Meta would in fact retain the requested Pixel event data for all putative Class Members—and informed Meta that in the absence of any such confirmation, Plaintiffs would seek judicial intervention. Meta never definitively confirmed that it would preserve Class-wide data.

On February 23, 2024—approximately two months after the Subpoena was served—Meta made a limited production of a single spreadsheet with just two rows of information relating to one of the three Plaintiffs. Moreover, despite repeated attempts to follow up from Plaintiffs—and Meta's representations that it "hope[d] to respond to Plaintiffs." Wilson Decl. Ex. C at 9, 12. Meta failed to provide any declaration relating to the preservation and production of Class-wide information.

Accordingly, Plaintiffs promptly raised all of these issues yet again with Meta. Specifically, Plaintiffs: (i) informed Meta that its limited production was likely deficient, because it was inconsistent with information Plaintiffs had regarding their own Facebook activity (which Plaintiffs voluntarily provided to Meta); (ii) asked Meta to re-run all search terms and make a supplemental production, as well as otherwise explain the discrepancies; and (iii) informed Meta that because it provided no declaration, Plaintiffs would be forced to move forward with a deposition. Wilson Decl. Ex. C at 7. Additionally, Plaintiffs asked Meta to include in its supplemental production the results from a second Pixel ID that Defendant Univision NOW had belatedly provided to Plaintiffs. *Id*.

In a February 29 response, Meta revealed, for the first time, that a consolidated deposition of a Meta witness was to take place on March 8 in two other unnamed Pixel-related VPPA cases. Wilson Decl. Ex. C at 5-6. Despite the fact that it had failed to produce any meaningful documents in response to the Subpoena, Meta informed Plaintiffs that if they chose to take part in the March 8 deposition, Meta would not make another witness available. Decl. Ex. C at 4. Notably, however, Meta provided no details as to the identity of the witness, whether Plaintiffs could actually pose questions to the witness (as opposed to merely sitting in on the deposition), how much time Plaintiffs would have to question the witness, or even how Plaintiffs could use the witness's testimony given that the testimony would span three separate cases with (presumably) separate confidentiality orders. Likewise, Meta was entirely silent as to whether it would make a witness available if Plaintiffs chose to not participate in the March 8 deposition. *Id*.

As of the date of this filing, Meta has not committed to a date by which it will make any supplemental production. Nor has it committed to providing Plaintiffs with a declaration

representing that it has the ability to produce Pixel event data relating to Plaintiffs *and* the Class—which is particularly troubling given Meta's refusal to simply confirm that it has preserved Class-wide information—which it should easily be able to do. Finally, Meta has refused to confirm that it will provide a witness for deposition in response to the Subpoena.

As a result, Plaintiffs are forced to seek judicial intervention. Accordingly, Plaintiffs seek an order compelling Meta: (1) to immediately produce all Pixel event data transmitted by Univision NOW pertaining to the Plaintiffs for all Pixel IDs associated with Univision NOW for the Class Period (*i.e.,* April 13, 2021 through the present); (2) produce that same data for all putative Class Members for the same Class Period at the first opportunity; and (3) compelling Meta to produce an individual to testify in response to the Subpoena no later than 30 days after the first production of documents.

### III.  LEGAL STANDARD

Rule 45 "provides that a subpoenaed party may be commanded to attend and testify at a deposition at a specified time and place and/or produce those records in its 'possession, custody, or control.'" *HID Glob. Corp. v. Vector Flow, Inc.*, No. 23-MC-80114-SVK, 2023 WL 4002722, at *1 (N.D. Cal. May 2, 2023) (quoting Fed. R. Civ. P. 45(a)(1)(A)(iii)). "The scope of discovery that can be requested under Rule 45 is the same as the scope under Rule 26(b)." *Id*. Rule 26(b) "allows a party to 'obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . .'" *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, No. 19-MD-02918-MMC-KAW, 2022 WL 620705, at *1 (N.D. Cal. Mar. 2, 2022) (quoting Fed. R. Civ. P. 26(b)); *In re Subpoena to Third Party Sentieon, Inc.*, No. 22-MC-80281-VKD, 2022 WL 17477092, at *1 (N.D. Cal. Dec. 6, 2022) (outlining scope of discovery under Rule 26)).

"Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Blackrock Allocation Target Shares: Series S Portfolio v. Bank of N.Y. Mellon*, 14 Civ. 9372 (GBD)(HBP), 2018 WL 2215510, at *7 (S.D.N.Y. May 15, 2018) (citation omitted). Even highly confidential or

sensitive information may be subpoenaed under this standard. *See In re Subpoena to Third Party Sentieon, Inc.*, No. 22-MC-80281-VKD, 2022 WL 17477092, at *2 (N.D. Cal. Dec. 6, 2022).

Additionally, prior to class certification, "[d]istrict courts have broad discretion to control the class certification process." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). It is an "unremarkable proposition that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted." *Id*. Courts further recognize the need for precertification discovery relating to class issues. *Id*.

## IV.   LEGAL ARGUMENT

### A.   Meta's Dilatory Tactics Are Not Unique to This Matter

Meta's purposefully delaying tactics are not unique to this case. Notably, a Court in this District has already recently addressed Meta's nearly identical conduct in another VPPA case pending in this District. Specifically, on January 26, 2024, the Court granted in part a motion to compel Meta to comply with a similar subpoena in *Stark v. Meta Platforms, Inc.*, Case No. 3:23-mc-80326-JCS (ECF No. 16).[1]  Wilson Decl. Ex. D. The Court ordered the parties to conduct a deposition in two pending VPPA cases filed by the same counsel. *Id*. The Court also ordered the parties to negotiate a compromise on the production of data responsive to the subpoena at issue in that proceeding. *Id*. Here, the Court should similarly compel Meta to comply with the Subpoena.

In light of upcoming deadlines in the underlying case, Plaintiffs cannot afford further delay in obtaining the necessary information from Meta. Plaintiffs and Defendant are in the midst of fact discovery, with a May 14, 2024, completion deadline. Likewise, the deadline to file a motion for class certification is on April 2, 2024. Plaintiffs accordingly seek an order compelling Meta to comply with the Subpoena to ensure the parties receive the information essential to deciding the core issues in controversy in the underlying case, including the motion for class certification.

### B.   The Court Should Compel Meta to Comply With the Subpoena

#### 1.   Plaintiffs May Pursue Class Discovery Prior to Certification.

---

[1] The *Stark v. Meta Platforms, Inc.* case is a subpoena enforcement action related to *Stark, et al. v. Patreon, Inc.*, Case No. 3:22-cv-03131-JCS, a class action asserting claims for violation of the VPPA against Patreon, Inc.

The documents sought by the Subpoena here would be used, in part, to establish Class-wide claims at trial. "[T]he Ninth Circuit has held that a trial court abuses its discretion in refusing to permit class discovery where a plaintiff has either made a prima facie showing that the class action requirements of Rule 23 are satisfied, or has shown discovery is likely to substantiate the class allegations." *Gallegos v. Atria Mgmt. Co., LLC*, No. 5:16-cv-00888-JGB-SP, 2017 WL 11743705, at *3 (C.D. Cal. Jan. 31, 2017) (citing *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985); *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)). Here, not only have Plaintiffs here make a *prima facie* showing that Rule 23(a)'s requirements will be met, but the discovery they seek will help substantiate the class action allegations.

First, numerosity is readily established. Univision NOW has stated in response to interrogatories that over 35,800 Univision NOW subscribers have viewed at least one prerecorded video on the Univision NOW website. Further, Plaintiffs allege that all members of the Class were injured via the Pixel embedded on Univision NOW's website in an identical way—that is, their personal information was disclosed to Meta without their consent in violation of the VPPA. These allegations present overriding common questions regarding, among other issues, how the Meta Pixel works, what information it transmits, and whether Univision NOW users consented to this practice—the resolution of which applies to the VPPA claim of each Class member. The uniformity of the Pixel's operation and of the type of information it transmits also support Plaintiffs' typicality allegations, that they and all Class members were injured by Univision NOW's violation of the VPPA in the same way.

The information Plaintiffs seek from Meta bears directly on the Class allegations. For instance, Plaintiffs expect that Meta's data will show whether and how many transmissions of Pixel "event data" from Univision NOW's website violate the VPPA, thus tending to prove numerosity. Plaintiffs, moreover, seek this information to show that subscribers who requested or obtained a video on Univision NOW's website during the relevant time periods had their Facebook ID and the video title transmitted to Meta via the Pixel. This data will show that Univision NOW's use of the Pixel affects each Class member identically, supporting a finding of predominance under Rule 23(b)(3).

The information sought by Plaintiffs' Subpoena, therefore, will help to establish their Class-wide claims.

### 2. Plaintiffs' Subpoena Seeks Highly Relevant Information Proportionate to the Needs of the Case.

The information Plaintiffs seek is highly relevant to the issues in the case, including the elements of Plaintiffs' VPPA claim, as well as class certification issues. The VPPA restricts disclosure of "personally identifiable information," defined as information that "readily permit[s] an ordinary person to identify a [particular individual as having watched certain videos[.]" *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017) (alterations in original); *see also Ghanaat v. Numerade Labs, Inc.*, No. 4:23-CV-00833-YGR, 2023 WL 5738391, at *5 (N.D. Cal. Aug. 28, 2023) (citing cases "finding allegations that defendant knowingly used the Pixel, provided FIDs and URLs to Meta sufficiently alleges a knowing disclosure."). Thus, Plaintiffs' claims require a showing that the Univision NOW website transmitted subscribers' FIDs along with information revealing video titles via the Pixel. This is precisely the information sought in the Subpoena. Given the obvious relevance of this data, Meta should be compelled to produce it promptly. *See In re Samsung Elecs. Co, Ltd.*, No. 22-MC-80005-VKD, 2022 WL 425579, at *2 (N.D. Cal. Feb. 11, 2022) (requiring nonparty to produce source code in response to subpoena); *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, No. 19MD-02918-MMC-KAW, 2021 WL 4621755, at *3 (N.D. Cal. Oct. 5, 2021) (ordering production of sales data relevant to the plaintiffs' claims).

Moreover, this essential information is exclusively in Meta' possession. Univision NOW has represented to Plaintiffs that it does not possess this data and that it is only obtainable from Meta. As such, the Pixel event data sought by the Subpoena is not cumulative or duplicative of any other discovery sought in the litigation, and it cannot be obtained from another source. *Cf. Gonzales v. Google, Inc.*, 234 F.R.D. 674, 80 (N.D. Cal. 2006) (noting limitations on discovery when it "is unreasonably cumulative or duplicative, or is obtainable from some source that is more convenient, less burdensome, or less expensive").

Meta has not met and cannot carry its heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive. *See In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. M07-cv-01819-CW (N.D. Cal. Mar. 1, 2010), Dkt. No. 967; *Am. Broad. Companies, Inc. v. Aereo, Inc.*, No. CV-12-80300-RMW, 2013 WL 1508894, at *4 (N.D. Cal. Apr. 10, 2013) ("The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed."). In fact, Meta has already agreed to produce much of the requested data, including Pixel event data associated with the named Plaintiffs, but refused to state when it will make its production, leaving Plaintiffs without key data just weeks before the class certification deadline and the close of fact discovery. Moreover, as detailed above, Meta is producing similar information in at least two other cases involving the operation of the Pixel, and has already agreed to produce witnesses for deposition in other cases.

Given the rapidly approaching discovery cutoff and impending class certification deadlines, Plaintiffs have a significant and pressing need for the data and documents at issue. Particularly under this circumstance, where Plaintiffs have diligently pursued this nonparty discovery, Meta's noncompliance warrants an order compelling its production. *See Schoonmaker v. City of Eureka*, No. 17-CV-06749-VC (RMI), 2018 WL 5829851, at *1 (N.D. Cal. Nov. 7, 2018) (compelling nonparty that failed to comply with Rule 45 subpoena to "produce all responsive documents without objections").

## V.  CONCLUSION

For all of these reasons, Plaintiffs request that the Court (1) to immediately produce all Pixel event data transmitted by Univision NOW pertaining to the Plaintiffs for all Pixel IDs associated with Univision NOW for the Class Period (*i.e.,* April 13, 2021 through the present); (2) produce that same data for all putative Class Members for the same Class Period at the first opportunity; and (3) compelling Meta to produce an individual to testify in response to the Subpoena no later than 30 days after the first production of documents.

Dated: March 12, 2024

Respectfully submitted,

By: */s/ Michael J. Boyle, Jr.*

Michael J. Boyle, Jr. (SBN 258560)
Matthew R. Wilson (SBN 290473)
MEYER WILSON CO., LPA
305 W. Nationwide Blvd.
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066
mwilson@meyerwilson.com
mboyle@meyerwilson.com

*Attorneys for Plaintiffs and the Proposed Class*

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

-10-

**CERTIFICATE OF SERVICE**

I, Michael J. Boyle, Jr., hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. In addition, I served a copy of this motion on counsel for Meta Platforms, Inc. via email.

DATED this 12th day of March, 2024.

By: */s/ Michael J. Boyle, Jr.*
Michael J. Boyle, Jr. (SBN 258560)
MEYER WILSON CO., LPA
305 W. Nationwide Blvd
Columbus, OH  43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066
mboyle@meyerwilson.com